IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| ST AEROSPACE SERVICES CO. PTE, LTD, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION 13-0003-WS-C |
| EVERGREEN INTERNATIONAL AIRLINES, *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court on plaintiffs' Motion for Summary Judgment (doc. 7).

Plaintiffs, ST Aerospace Services Co. PTE, LTD and ST Aerospace Mobile, LLC (collectively "ST Aerospace"), commenced this action against defendants, Evergreen International Airlines, Inc. and Evergreen International Aviation, Inc. (collectively, "Evergreen") by filing a Complaint (doc. 1) on January 2, 2013.[1] The court file shows that plaintiffs served process on both defendants on January 7, 2013, just three days ago. Defendants have not yet appeared, and the Federal Rules of Civil Procedure do not require that they do so until January 28, 2013.

This morning, ST Aerospace filed a Motion for Summary Judgment, along with an 18-page memorandum of law and accompanying exhibits. The Motion is premature on its face. Filing a Rule 56 motion at the outset of a case (before the commencement of discovery) is not forbidden under the Federal Rules of Civil Procedure; however, it is procedurally suspect, or at least discouraged, in the vast majority of cases. *See* Advisory Committee Notes to Rule 56(b), Fed.R.Civ.P. (2010 Amendments) ("Although the rule allows a motion for summary judgment to

---

[1] The underlying dispute appears to be of extraordinarily recent vintage. According to the allegations of the Complaint, Evergreen Airlines failed to make a payment owed to ST Aerospace on December 7, 2012. ST Aerospace sent Evergreen a "past due" notice on December 17, 2012, and filed suit barely two weeks later (even with intervening holidays).

be filed at the commencement of an action, in many cases the motion will be premature until the nonmovant has had time to file a responsive pleading or other pretrial proceedings have been had.").

The law of this Circuit provides that, as a general proposition, "the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of the motion." *Jones v. City of Columbus, Ga.*, 120 F.3d 248, 253 (11th Cir. 1997) (citations omitted); *see also Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("A party opposing summary judgment should be given the opportunity to discover information relevant to the summary judgment motion."); *Snook v. Trust Co. of Georgia Bank of Savannah, N.A.*, 859 F.2d 865, 870 (11th Cir. 1988) ("summary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery"); *Baucom v. Sisco Stevedoring, LLC*, 506 F.Supp.2d 1064, 1067 n.1 (S.D.Ala.2007) (reciting general rule); *Sideridraulic System SpA v. Briese Schiffahrts GmbH & Co. KG*, 2011 WL 3204521, *3 (S.D. Ala. July 26, 2011) (denying motion for summary judgment as premature where movant had made no showing to justify timing of motion filed just 40 days after entry of Rule 16(b) Scheduling Order). Absent extraordinary circumstances (which have not been shown here), this Court will not permit plaintiffs to exact an improper, unfair strategic advantage by placing defendants behind the eight-ball of a comprehensive Rule 56 motion briefing schedule less than 72 hours after they were served with process, and without the benefit of any discovery.

For the foregoing reasons, the Motion for Summary Judgment (doc. 7) is **denied**, without prejudice to plaintiffs' ability to refile the Motion at an appropriate time, with due regard to the Federal Rules of Civil Procedure, the aforementioned line of authorities, and basic notions of fairness. Although summary judgment motions may be filed at an early stage of the litigation in appropriate circumstances, they are not properly deployed as a tool to ambush unwitting defendants who are getting their feet wet and orienting themselves in a newly-filed case.

DONE and ORDERED this 10th day of January, 2013.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE